IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bradley Mrumlinski<br>  Plaintiff,<br><br>  v.<br><br>City of Chicago and Chicago Police Officer, Kevin D. Osborn, #8137<br><br>  Defendants. | )<br>)<br>)<br>) No.<br>) FILED: SEPTEMBER 25, 2008<br>) 08CV5490<br>) JUDGE DOW<br>)<br>) MAGISTRATE JUDGE COX<br>) AO |

## COMPLAINT

**NOW COMES** the Plaintiff, Bradley Mrumlinski by his attorney, Thomas C. Marszewski, Marszewski & Galvin and complaining of Defendants alleges as follows:

### *PARTIES AND JURISDICTION*

1. This is a civil action arising under 42 U.S.C. Sect. 1983. The jurisdiction of the Court is conferred by 28 U.S.C. Sect. 1343 and 28 U.S.C. Sect. 1367.

2. The Plaintiff, Bradley Mrumlinski is and was at all times relevant herein a resident of the Northern District of Illinois.

3. Defendant, Chicago Police Officer, Kevin D. Osborn, #8137 was at all times relevant herein acting under color of his authority as a police officer of the City of Chicago and is sued in his individual capacity.

4. Defendant, City of Chicago is an Illinois municipal corporation joined in this action pursuant to 28 U.S.C. Sect. 1367 and as a potential indemnifier of Defendant Osborn pursuant to 745 ILCS 10/9-102.

## *COUNT I- FALSE ARREST*

1. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 4 from the parties and jurisdiction section above as if fully set forth herein.

2. On September 27, 2007, the Plaintiff, Bradley Mrumlinski was lawfully walking in the vicinity of 500 E. Solidarity Drive in the City of Chicago when he was arrested by defendant, Chicago Police Officer, Kevin D. Osborn, #8137. (hereinafter "Osborn").

3. Defendant, Osborn did not have a lawful basis to arrest Plaintiff, Mrumlinski.

4. Defendant, Osborn restrained and arrested Plaintiff Mrumlinski against his will.

5. Defendant Osborn arrested Plaintiff Mrumlinski without having reasonable grounds or probable cause to believe that an offense was committed by Plaintiff, Mrumlinski.

6. The above described actions of Defendant Osborn caused Plaintiff Mrumlinski to be subjected to a false arrest, contrary to the rights secured by the Fourth Amendment to the Constitution of the United States.

7. As a result of Defendant Osborn's wrongful acts, Plaintiff Mrumlinski was deprived of his liberty and subjected to severe emotional distress.

8. Plaintiff Mrumlinski demands trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants in an amount in excess of fifty thousand dollars as compensatory damages.

## *COUNT II- EXCESSIVE FORCE*

1. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 4 from the parties and jurisdiction section above as if fully set forth herein.

2. On September 27, 2007, Defendat Osborn arrested Plaintiff, Bradley Mrumlinski in the vicinity of 500 E. Solidarity Drive in the City of Chicago.

3. In the course of making the above referenced arrest, Defendant Osborn used excessive and unreasonable force, causing Plaintiff Mrumlinski to sustain personal injuries.

4. As the direct and proximate result of the above described acts of Defendant Osborn, Plaintiff Mrumlinski was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Plaintiff hereby demands trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants in an amount in excess of fifty thousand dollars as compensatory damages.

Attorney for Plaintiff, Bradley Mrumlinski

**Thomas C. Marszewski**
**ARDC # 6209429**
**Marszewski & Galvin**
**Attorney for Plaintiff**
**30 North LaSalle - Suite 3010**
**Chicago, Illinois 60602**
**(312) 224-4191 (phone)**
**(312) 278-2431 (fax)**